UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLYDE MARTIN,

      Plaintiff,                           Case No. 12-cv-15093

v.                                     HONORABLE STEPHEN J. MURPHY, III

COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

_____/

### ORDER ADOPTING REPORT AND RECOMMENDATION (docket no. 16), DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (docket no. 13), GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (docket no. 15), AND DISMISSING CASE

The Social Security Administration ("SSA") denied Plaintiff and claimant Clyde Martin's application for supplemental security income in a decision issued by Administrative Law Judge ("ALJ") Peter N. Dowd on January 19, 2008. *See* ALJ Decision, ECF No. 7, at 20-26. After the SSA Appeals Council declined to review the decision, Martin appealed to this Court. The Court referred the matter to a magistrate judge, and the parties filed cross motions for summary judgment. *See* Mots. for Summ. J., ECF Nos. 13; 15.

On January 24, 2014, the magistrate judge issued a Report and Recommendation ("Report"), recommending that the Court deny Martin's motion and grant the Commissioner for Social Security's ("Commissioner's") motion. Report, ECF No. 16. In the Report, the magistrate judge noted that Martin was forty-nine years old when he filed his first application for supplemental security income. *Id.* at 1. When considering Martin's application, the ALJ found that Martin suffered from chronic headaches, asthma, hypertension, depression, and a history of polysubstance dependence. *Id.* at 10 (citing ALJ Decision at 20). The ALJ noted that, at the hearing, Martin alleged difficulties related to

internal bleeding and liver cysts, but the medical evidence contained in the record failed to document those impairments. Report at 10 (citing ALJ Decision at 20). Applying the five-step disability analysis, the ALJ concluded that none of the impairments, alone or in combination, met or medically equaled an impairment listed in the social security regulations, and that Martin had the residual functional capacity to perform a significant range of light exertional work activities. Report at 10 (citing ALJ Decision at 21). The ALJ also concluded that he was capable of performing work activities that required occasional stair climbing, balancing, stooping, kneeling, crouching, and crawling, that he could do simple, routine and repetitive tasks in a stable work environment, and that he could tolerate superficial contacts with supervisors and coworkers in any potential work setting. Report at 10-11 (citing ALJ Decision at 21). Consequently, the ALJ determined that Martin was capable of performing his past relevant work as a cleaner and dishwasher and was not disabled. Report at 11 (citing ALJ Decision at 23-24).

The Report discussed Martin's complaint and motion for summary judgment, evaluating Martin's single claim of error regarding whether substantial evidence supported the ALJ's decision to discount the testimony regarding his pain and depression, primarily because the ALJ found that the record did not document treatment for internal bleeding, liver cysts, or stomach pain. Report at 12-16. The magistrate judge carefully examined the administrative record and concluded that the ALJ's decision was supported by substantial evidence. The Report concluded that the ALJ did not unreasonably discount Martin's testimony regarding his ability to stand, walk or sit because the administrative record was almost devoid of treatment notes for pain or cysts. *Id.* at 13-14. The Report also determined that the ALJ should not have included greater mental or emotional limitations in the

hypothetical to the vocational expert, explaining that Martin overlooked the conclusions from three experts in the record who found that he did not have such limitations. *Id.* at 14-15. Accordingly, the Report recommended dismissing the case. *Id.* at 16.

Civil Rule 72(b) governs review of a magistrate judge's report and recommendation. De novo review of the magistrate judge's findings is only required if the parties "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). Nevertheless, because a district judge always retains jurisdiction over a motion after referring it to a magistrate judge, he is entitled to review the magistrate judge's findings of fact and conclusions of law on his own initiative. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985) (clarifying that while a district court judge need not review a report and recommendation "de novo if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard").

Because neither the plaintiff nor defendant filed objections, de novo review of the Report's conclusions is not required. Having reviewed the Report's analysis, in light of the record, the Court finds that its conclusions are factually based and legally sound. Accordingly, it will adopt the Report's findings, grant the Commissioner's motion for summary judgment, and dismiss the case.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the magistrate judge's Report and Recommendation (document no. 16) is **ADOPTED**.

**IT IS FURTHER ORDERED** that the Plaintiff's Motion for Summary Judgment (document no. 13) is **DENIED**.

**IT IS FURTHER ORDERED** that the Defendant's Motion for Summary Judgment (document no. 15) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED WITH PREJUDICE**.

**SO ORDERED**.


s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: February 13, 2014

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 13, 2014, by electronic and/or ordinary mail.

s/Carol Cohron
Case Manager